*In re* MARRIAGE OF GIOVANNA D. McGUIRE, Petitioner-Appellee, and BENJAMIN F. McGUIRE, Respondent-Appellant.

Second District    No. 2—00—0231

Opinion filed January 1, 2001.

Steven A. Miner, of Barrington Hills, for appellant.

Cynthia Lee Carter, of Geneva, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The respondent, Benjamin Franklin McGuire, appeals the circuit court's dismissal of his petitions to, *inter alia*, modify visitation and establish supervised visitation between the petitioner, Giovanna Dionne McGuire, and the parties' son. We vacate the circuit court's order and remand for further proceedings.

On February 8, 1996, a judgment of dissolution was entered in the district court of Ector County, Texas, dissolving the parties' marriage. The parties had one child, a son born September 4, 1991. The court appointed the mother and father as joint managing conservators of their son, but it gave the father the exclusive right to establish the legal residence and domicile of the boy.

In December 1996, the father and son moved from Texas to Naperville, Illinois. Subsequently, the father and son moved to Aurora, Illinois.

On December 3, 1998, the mother filed a "First Amended Petition to Modify the Parent-Child Relationship" in Texas. This petition sought to change certain travel arrangements regarding the boy and the allocation of the travel costs. The petition did not, however, seek to change the length of visitation or custody. This petition was not served on the father until April 1999.

On December 4, 1998, the father filed in the Kane County circuit court petitions to enroll the Texas decree, for rule to show cause and to increase child support, and to modify visitation and establish supervised visitation. The father asserted that these petitions were personally served on the mother by the Ector County sheriff in Texas on December 9, 1998.

On January 8, 1999, the mother filed a special and limited appearance in Kane County circuit court and filed a motion to dismiss the father's petition for lack of jurisdiction. The mother also sought a judicial conference between the Kane County, Illinois, court and the

Ector County, Texas, court, pursuant to section 7 of the Uniform Child Custody Jurisdiction Act (750 ILCS 35/7 (West 1998)). On March 3, 1999, the Kane County circuit court took the matter under advisement.

On April 27, 1999, the mother filed a petition in Texas, seeking appointment as the sole managing conservator (sole custody) of the boy. The mother alleged in the petition that the father had denied the mother visitation and contact with their son.

On June 25, 1999, the father filed petitions in the Kane County circuit court seeking a temporary restraining order to prevent the boy from being removed from Illinois to visit his mother in Texas. The father also sought the appointment of a guardian *ad litem* and an *in camera* conference with the boy. The Kane County circuit court found that the matter was not an emergency and set the matter over for a hearing. Two days later, the boy went to Texas to visit his mother.

On July 6, 1999, while the boy was in Texas with his mother, the Ector County, Texas, district court entered a default judgment against the father and in favor of the mother, awarding sole managing conservatorship (custody) of their son to the mother, with the right to, *inter alia*, establish the primary residence of the child.

On July 29, 1999, the Kane County, Illinois, circuit court indicated that it had attempted to contact the Ector County, Texas, district court for a judicial conference, but the Texas court had not returned its phone call. On October 19, 1999, the Illinois court held that, because it was unsuccessful in conducting a judicial conference with the Texas court, it must defer to the Texas court regarding custody and visitation and dismissed the case. The Kane County, Illinois, court then denied the father's motion to reconsider on January 31, 2000.

On February 25, 2000, the father appealed the Texas court's default order, which granted sole managing conservatorship to the mother. On March 30, 2000, the Texas Court of Appeals reversed the Texas district court's default judgment, holding that the Texas court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (750 ILCS 35/1 *et seq.* (West 1998)) to modify the joint managing conservatorship. *McGuire v. McGuire*, 18 S.W.3d 801, 806 (Tex. Ct. App. 2000). In the opinion, the Texas appellate court stated that Illinois, not Texas, was the boy's home state. *McGuire*, 18 S.W.3d at 806.

On May 26, 2000, the mother filed an "Amended Petition to Modify Parent-Child relationship" in the Ector County district court. In the petition the mother sought, *inter alia*, the right to establish the domicile of her son and a "Standard Possession" visitation order for the father's visitation. The mother also sought a temporary order grant-

ing her the right to establish the domicile of her son, ordering the father to pay child support to the mother while the case was pending, granting the mother temporary managing conservatorship, and enjoining the father from, *inter alia*, removing the boy from Ector County, Texas, hiding the boy from the mother, changing the boy's current place of abode from the mother's Texas home, or "disturbing the peace of the child or of another party."

On June 1, 2000, the Ector County, Texas, district court granted the mother's request for a temporary restraining order enjoining the father from, *inter alia*, removing the boy from Ector County, Texas, hiding the boy from the mother, changing the boy's current place of abode from the mother's Texas home, or "disturbing the peace of the child or of another party." The Ector County district court ordered the father to appear for a hearing 10 days after the service of the temporary order. The court granted the mother's request for the appointment of a process server in Illinois. The following day, on June 2, 2000, the mother filed a full appearance in the Kane County, Illinois, circuit court.

On June 6, 2000, the mother filed a motion to dismiss this appeal and a motion to supplement the record with evidence that the mother had filed a full appearance in the Kane County, Illinois, circuit court on June 2, 2000. This court took the motions with this case.

On June 6, 2000, the mother filed a motion to dismiss the father's appeal of the Illinois court's October 19, 1999, order. The mother states in her motion that she "withdraws her objections to jurisdiction within the state of Illinois, and seeks dismissal or remand of this appeal to permit the parties to proceed in the trial court as soon as possible." The mother also stated that her attorney representing her in Texas spoke with the father's attorney and they both "agreed to dismiss all petitions pending in Texas to permit proceedings in Illinois to commence."

On June 13, 2000, the father filed his answer to the mother's motion to dismiss this appeal. In his answer, the father explained that he did not agree to dismiss the appeal because, as of June 13, 2000, petitions seeking the modification of the custody and visitation order filed by the mother were still pending in the Texas district court and had not been withdrawn.

On appeal, the father argues that the trial court erred when it dismissed his petitions, finding that it had to defer to the Texas district court and to decline jurisdiction over the matter. The mother now concedes that Illinois, not Texas, has jurisdiction over this matter.

■ It is well settled that dismissal based on the lack of jurisdiction is subject to *de novo* review when the facts are not in dispute. See *Gai-*

*dar·v. Tippecanoe Distribution Service, Inc.*, 299 Ill. App. 3d 1034, 1039-40 (1998). Further, a trial court's interpretation of a statute is also reviewed *de novo. County of Knox ex rel. Masterson v. Highlands, L.L.C.*, 188 Ill. 2d 546, 551 (1999).

■■ ■ Interstate custody disputes are governed by the Uniform Child Custody Jurisdiction Act (Act) (750 ILCS 35/1 *et seq.* (West 1998)). The Illinois version of the Act provides in pertinent part:

> "§ 7. Simultaneous Proceedings in Other States. (a) A court of this State shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state *exercising jurisdiction substantially in conformity with this Act*, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons." (Emphasis added.) 750 ILCS 35/7(a) (West 1998).

And:

> "§ 15. Modification of Custody Judgment of Another State. (a) If a court of another state has made a custody judgment, a court of this State shall not modify that judgment unless:
> ***
> 2. the court of this State has jurisdiction." 750 ILCS 35/15 (a)(2) (West 1998).

The Illinois Act provides four alternative circumstances in which an Illinois circuit court has jurisdiction. Most notably, section 4(a)(1)(i) provides:

> "§ 4. Jurisdiction. (a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:
> 1. this State
> (i) is the home state of the child at the time of commencement of the proceeding[.]" 750 ILCS 35/4(a)(1)(i) (West 1998).

Thus, under the Illinois Act, an Illinois court has jurisdiction to modify a child custody order of a foreign state if Illinois was the home state of the child when the petition to modify was filed in Illinois. This applies to visitation orders as well, since the definition of "custody determination" includes court orders providing visitation rights. See 750 ILCS 35/3.02 (West 1998).

In this case, the Kane County, Illinois, circuit court refused to exercise jurisdiction and dismissed the father's petitions because the Texas court had not declined jurisdiction. The Kane County circuit court noted in its orders that it had attempted to contact the Texas district court on two occasions and was unsuccessful. We recognize that, when a party seeks the modification of a custody or visitation judgment of a foreign state court, an Illinois court may be required to

defer to the foreign state, unless the foreign state court declines jurisdiction. 750 ILCS 35/15(a)(1) (West 1998). Further, an Illinois court may be required to defer jurisdiction to a foreign state court when simultaneous proceedings are pending in that foreign state. 750 ILCS 35/7(a) (West 1998). However, this deference is due only if the foreign state court continues to have subject matter jurisdiction over the matter. See 750 ILCS 35/15(a)(1) (West 1998). In this case, the circuit court, without first considering this issue, assumed that the Texas district court continued to have jurisdiction.

■ Regardless, certain facts have since come to light that demand the vacation of the circuit court's dismissal of the father's petitions. After the father filed his notice of appeal in this case, the Texas Court of Appeals reversed the default judgment against the father entered by the Texas district court. *McGuire v. McGuire*, 18 S.W.3d 801 (Tex. Ct. App. 2000). The Texas Court of Appeals expressly held that Texas did not have jurisdiction and that Illinois, not Texas, was the home state of the boy. *McGuire*, 18 S.W.3d at 806. Further, the mother now concedes that Illinois, not Texas, is the home state of the child and that the Kane County, Illinois, circuit court has jurisdiction over this matter. We recognize that these facts were not before the Illinois circuit court. However, this court has the power to "enter any judgment and make any order that ought to have been given or made" by a circuit court. 155 Ill. 2d R. 366(a)(5). Therefore, we determine that Illinois was the home state of the parties' son and that the Kane County, Illinois, circuit court had jurisdiction to modify the Texas court's custody and visitation judgment. Thus, we vacate the circuit court order dismissing the father's petitions and remand this cause for further proceedings.

We also grant the mother's motion to supplement the record and deny her motion to dismiss this appeal.

The judgment of the circuit court of Kane County is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

GEIGER and HUTCHINSON, JJ., concur.